UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK W. STASIAK and
DEBORAH L. STASIAK,

    Plaintiffs,

vs.                                  Case No.: 8:11-CV-1828-VMC-MAP

KINGSWOOD CO-OP, INC.,

    Defendant,
_____/

**PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO DISMISS COUNT IV OF
PLAINTIFFS' COMPLAINT**

**COMES NOW** the Plaintiffs, MARK W. STASIAK and DEBORAH L. STASIAK ("Plaintiffs"), by and through their undersigned counsel, hereby file this their response to the Motion to Dismiss Count IV of Plaintiffs' Complaint (Dkt. 7) filed by Defendant, KINGSWOOD CO-OP, INC., ("Defendant").  For the reasons which follow, Defendant's Motion should be denied in its entirety.

**FACTUAL BACKGROUND**

The basic fact allegations of the case which are noted in the Complaint (Dkt 1) (hereinafter referred to as "P's Comp." ¶) as filed by the Plaintiffs are as follows:

    13.    On or about January 6, 2004, Plaintiffs made a request for residency with Defendant.  As part of the application process, Plaintiffs completed an Application of Residency.  Plaintiffs authorized Defendant to conduct "any investigation of my personal history and financial and credit report through any investigation or credit agencies or bureaus of your choice" as it relates to the application process.

14. At the beginning of January, 2011, Plaintiffs initiated the process to purchase a home by using financing through the Veterans Administration ("VA"). At the final stages of the loan process for the purchase a home, the representative for lender contacted Plaintiffs and stated that the VA wanted to know why Plaintiffs' credit reports were reporting that Plaintiffs had applied in September, 2010, to become a resident of Defendant's co-op.

15. The representative for the lender informed Plaintiffs that the VA had a strict policy and that the VA would not approve financing for the purchase of rental property. In addition, the representative stated that given the information noted on Plaintiffs' credit report, the VA had concerns that Plaintiffs' loan application was being used for the purpose to obtain and purchase rental property. The representative further informed Plaintiffs that this additional information may cause the scheduled financing to be in jeopardy, requiring additional deposits by the Plaintiffs and/or cause the closing which was scheduled for February 15, 2011, to be delayed until the situation could be corrected.

16. On or about February 10, 2010, Plaintiffs had placed their unit at Defendant's co-op for sale. Plaintiffs were not residing at the co-op unit, but were renting another dwelling until the purchase of a home through the VA. The lease on the rented dwelling was due to expire on February 28, 2011.

17. Shortly thereafter, Plaintiffs informed the lender and the VA that Plaintiffs had not made any application in the month of September, 2010 to become a resident of Defendant's co-op.

18. On January 22, 2011, Plaintiff, DEBORAH L. STASIAK obtained a copy of her consumer report (hereinafter "consumer report") from EXPERIAN, a national consumer reporting agency. Plaintiff's consumer report issued by EXPERIAN disclosed an inquiry made in September, 10 2010, by LEXISNEXIS at the request of and on behalf of Defendant.

19. On February 3, 2011, Plaintiff, MARK W. STASIAK obtained a copy of his consumer report (hereinafter "consumer report") from EXPERIAN, a national consumer reporting agency. Plaintiff's consumer report issued by EXPERIAN disclosed an inquiry made in September, 10 2010, by LEXISNEXIS at the request of and on behalf of Defendant.

20. Defendant, through its employees, impermissibly accessed Plaintiffs' consumer report, which included highly personal and sensitive data, through a consumer reporting agency.

21. Plaintiffs were not making any application for residency with Defendant at the time of the September 10, 2010 inquiry or at any time relevant hereto.

22. Plaintiffs did not authorize Defendant to obtain their consumer report on or about September 10, 2010.

23. Defendant did not obtain Plaintiffs' consumer report for the purpose of receiving an application of residency from Plaintiffs as designated and stated on the requesting documentation.

24. Defendant did not have a permissible purpose for obtaining Plaintiffs' consumer report. or for any other use as enumerated in the FCRA, 15 USC §1681b.

25. On information and belief Defendant requested and obtained Plaintiffs consumer report through the actions of its agents and employees.

26. Defendant is a "user" of credit information.

27. Defendant never notified Plaintiffs of the illegal and impermissible access.

28. Upon further investigation by Plaintiffs and learning of the negative adverse and erroneous credit reporting by the national credit reporting agencies, Plaintiff, DEBORAH L. STASIAK sent written correspondence dated March 28, 2011, to Defendant via certified mail, return receipt requesting that the September 10, 2010 inquiry be removed and for documentation of any authorization provided by Plaintiff to allow Defendant to make the credit inquiry. See attached composite Exhibit "C".

29. Upon further investigation by Plaintiffs and learning of the negative adverse and erroneous credit reporting by the national credit reporting agencies, Plaintiff, MARK W. STASIAK sent written correspondence dated March 28, 2011, to Defendant via certified mail, return receipt requesting that the September 10, 2010 inquiry be removed and for documentation of any authorization provided by Plaintiff to allow Defendant to make the credit inquiry. See attached composite Exhibit "C".

30. In response to Plaintiffs' March 28, 2011 correspondence, Defendant provided correspondence dated March 31, 2011, directing inquiries to LEXIS. See attached and marked as Exhibit "D".

31. Upon further investigation by Plaintiffs and learning of the negative adverse and erroneous credit reporting by the national credit reporting agencies, Plaintiff, DEBORAH L. STASIAK sent written correspondence dated May 10, 2011, to Defendant via certified mail, return receipt requesting that the September 10, 2010 inquiry be removed and for documentation of any authorization provided by Plaintiff to allow Defendant to make the credit inquiry. See attached composite Exhibit "E".

32.  Upon further investigation by Plaintiffs and learning of the negative adverse and erroneous credit reporting by the national credit reporting agencies, Plaintiff, MARK W. STASIAK sent written correspondence dated May 10, 2011, to Defendant via certified mail, return receipt requesting that the September 10, 2010 inquiry be removed and for documentation of any authorization provided by Plaintiff to allow Defendant to make the credit inquiry.  See attached composite Exhibit "E".

33.  In response to Plaintiffs' May 10, 2011 correspondence, Defendant provided correspondence dated May 16, 2011 directing inquiries to LEXIS.  See attached and marked as Exhibit "F".

34.  Defendant obtained Plaintiffs' consumer report under false pretenses and Defendant had no legitimate business need for that information.

35.  Defendant had an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer reports.

36.  Reasonable procedures for Defendant include restricting the ability of its agents to obtain consumer reports on consumers for any impermissible purpose.

37.  Upon best information and belief, Defendant's illegal and surreptitious acquisition of Plaintiffs' consumer report derived from an interest and priority well beyond the scope of the FCRA.

38.  Defendant has, upon best information and belief, compromised its relationship with the various credit reporting agencies in falsifying the basis upon which Plaintiffs' report was obtained.

## MEMORANDUM OF LAW

### I.
### STANDARD OF REVIEW FOR
### A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6).

A motion to dismiss for failure to state a claim filed pursuant to Federal Rule 12(b)(6) tests the sufficiency of a Complaint.  U.S. v. Gaubert, 499 U.S. 315, 327 (1991).  The Federal Rules do *not* require a plaintiff to "plead every essential fact to his right to recover the amount

which he claims", against a defendant. Sparks v. England, 113 F.2d 579, 581-582 (8th Cir. 1940). Instead, under the liberal pleading standards of the Federal Rules of Civil Procedure, the plaintiff only must put the defendant on *notice* by providing a short and plain statement of the claim showing that the pleader is entitled to relief, and a that demand for the relief sought. Fed. R. Civ. P. 8(a)(2)-(3) (2010). "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.' " Bradberry v. Pinellas County, 789 F. 2d 1513, 1515 (11th Cir.1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (a complaint need only "give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests). The minimum standard which a complaint must fulfill in order that it survives a motion to dismiss is extremely low. *See* Ancata v. Prison Health Svcs., Inc., 769 F.2d 700, 703 (11th Cir. 1985); Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1983); M/V Sea Lion V v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994). For purposes of a motion to dismiss, this Court must construe the complaint in the light most favorable to the Plaintiffs and accept as true all facts alleged by the Plaintiffs. *See* St. Joseph's Hospital, Inc. v. Hospital Corp. of America, 795 F. 2d 948 (11th Cir.1986); Doe vs. Celebrity Cruises, *et. al.*, 145 F. Supp. 2d 1337 (S.D. Fla. 2001); *See* Runnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). The issue is not whether the Plaintiffs will ultimately prevail, but "whether the [claimants] [are] entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F. 2d 962, 965 (11th Cir.1986) (citation omitted).

## II.
## PLAINTIFFS HAVE STATED A STATE CLAIM
## FOR INVASION OF PRIVACY

The tort of invasion of privacy as enforcing the general right of privacy was recognized in Florida in the case of in Cason v. Baskin, 20 So. 2d 243 (Fla. 1944). Since then, the Florida Supreme Court has noted that there are four types of wrongful conduct that can be remedied through an action for invasion of privacy. *See* Agency for Health Care Admin. v. Associated Indus. of Fla., Inc., 678 So. 2d 1239, 1252 n. 20 (Fla. 1996). They are: (1) appropriation-the unauthorized use of a person's name or likeness to obtain some benefit; (2) *intrusion-physically or electronically intruding into one's* private quarters; (3) public disclosure of private facts-the dissemination of truthful private information which a reasonable person would find objectionable; and (4) false light in the public eye-publication of facts which place a person in a false light even though the facts themselves may not be defamatory. *See also* Heekin v. CBS Broadcasting, Inc., 789 So. 2d 355 (Fla. 2d DCA 2001).

Plaintiffs' claim for invasion of privacy is a type two (2) which is "*intrusion-physically or electronically intruding into one's* private quarters", and is to an intrusion which makes reference to a "place" in which there is a reasonable expectation of privacy, especially one's private and personal affairs**.** *See* Allstate Insurance Company v. Ginsberg, 863 So. 2d 156, 162 (Fla. 2003). One such identifiable "place" of privacy involves a persons personal and private concerns and/or affairs, see e.g. Summers v. Bailey, 55 F. 3d 1564, 1569 (11th Cir. 1995), such as i.e., banking information, financial information, and the information and data which is gathered and maintained in credit reports. Plaintiffs' claim for invasion of privacy centers on the factual allegations that Plaintiffs' privacy was intruded upon when Defendant impermissibly searched

through the data and contents of Plaintiff's credit report.  P's Comp. ¶ 13- 38.  *See* <u>Ward v. Casual Restaurant Concepts, Inc.</u>, 2011 WL 2600611 *4 (M.D. Fla. June 29, 2011)(court denied defendant's motion to dismiss as to a claim for invasion of privacy by intrusion).

Plaintiffs have clearly set forth a claim for invasion of privacy as factually demonstrated in the complaint by the allegations contained in P's Comp. ¶ 13- 38.  *See e.g.* <u>Brandt v. I.C. Systems, Inc.</u>, 201o WL 582051 (M.D. Fla. Feb. 19, 2010).  A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 78 S.Ct. 99, 102 (1957).  The Plaintiff's allegations must not only be taken as true, but "should be construed favorably to the pleader".  <u>Scheuer v. Rhodes</u>, 94 S.Ct. 1683, 1686 (1974).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."  *Id.*  If the allegations support any theory of recovery, the motion to dismiss must be denied.  *See* <u>Linder v. Portocarrero</u>, 963 F.2d 332, 234-336 (11th Cir. 1992) (citing <u>Robertson v. Johnston</u>, 376 F.2d 43 (5th Cir. 1967)).  Contrary to Defendant's assertions, Plaintiffs have sustained their notice burden with regard to pleading their cause of action for invasion of privacy.  As the allegations contained in the Complaint (P's Comp. ¶ 13- 38) meet the notice pleading standard of Rule 8, Defendant's Motion to Dismiss should be DENIED with respect to the claim for invasion of privacy.

**WHEREFORE**, for the foregoing reasons Plaintiffs request that Defendant's Motion to Dismiss be denied in its entirety.

Plaintiffs' Response To
Defendant's Motion To Dismiss Count Iv Of
Plaintiffs' Complaint
Page 7 of 8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed by electronic filing via CM/ECF with the Middle District Court, Tampa Division, who will furnish copies to all parties of record, including: Scott H. Jackman, Esquire, of Cole, Scott & Kissane, P.A., 4301 West Boy Scott Boulevard, Suite 400, Tampa, Florida 33607 on this the 16th day of September, 2011.

        DICESARE, DAVIDSON, & BARKER, P.A.

        /S/ Harold E. Barker
        HAROLD E. BARKER, ESQUIRE
        Florida Bar #0500143
        E-mail rbarker@ddblaw.com
        Post Office Box 7160
        Lakeland, Florida 33807-7160
        Phone (863) 648-5999
        Facsimile (863) 648-4755
        Attorney for Plaintiffs