**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARK W. STASIAK and
DEBORAH L. STASIAK,

Plaintiffs,

vs. Case No.: 8:11-CV-1828-VMC-MAP

KINGSWOOD CO-OP, INC.,

Defendant,
_____________________________________/

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiffs, MARK W. STASIAK and DEBORAH L. STASIAK, pursuant to Fed.R.Civ.P. 12(f), files this Motion to Strike Defendant's KINGSWOOD CO-OP, INC., affirmative defense. In support, Plaintiffs would state:

1. In this case, Plaintiffs contend that Defendant, KINGSWOOD CO-OP, INC., violated the Fair Credit Reporting Act (FCRA); 15 U.S.C. §1681 et seq.), as well as a state action for invasion of privacy. Plaintiffs' Complaint (Dkt 1) in this matter presents detailed allegations in support of the claims against Defendant, KINGSWOOD CO-OP, INC.

2. In Defendant's, KINGSWOOD CO-OP, INC.'s Answer and Affirmative Defense to the Complaint (Dkt 6), Defendant, KINGSWOOD CO-OP, INC., has asserted one (1) affirmative defense to Plaintiffs' Complaint as follows: *Plaintiffs fail to state a cause of action upon which relief can be granted as they have failed to allege ultimate facts sufficient to*

*establish the truth or falsity of any alleged purpose of Defendant in accessing Plaintiffs' credit reports or to establish any purpose of Defendant at all.*

3. Defendant's KINGSWOOD CO-OP, INC.'s affirmative defense is insufficient as a matter of law because the affirmative defenses do not specify the factual basis of the affirmative defense with requisite particularity.

4. Pursuant to Local Rule 3.01(g), the undersigned counsel contacted counsel for Defendant regarding this motion, and provided a copy of this motion for counsel's review. Defendant has responded that Defendant objects to this motion and will file a response.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

A. **Standard for Deciding a Rule 12(f) Motion to Strike.**

Plaintiffs bring this motion pursuant to Fed R. Civ. P. 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The purpose of a motion to strike under this rule is to conserve judicial resources by avoiding "the waste of time and money that arises from litigating unnecessary issues". Simaan, Inc. v. BP Prods. N. Am, Inc., 395 F.Supp.2d 271, 278 (M.D.N.C. 2005) (citing Buser v. S. Food Serv., 73 F.Supp.2d 556, 560 (M.D.N.C. 1999)). See also Spell v. McDaniel, 591 F. Supp. 1090, 1112 (E.D.N.C. 1984) (citations omitted) (holding that "striking such defenses is a proper means of expediting legal proceedings"). Another purpose is to gain an early adjudication by the court of the legal sufficiency of defenses set forth in a defendant's answer. First Financial Sav. Bank, Inc. v. American Bankers Ins. Co. of Florida, Inc. 783 F.Supp. 963, 966 (E.D.N.C. 1991) (citing United States v. Southerly Portion of Bodie Island, 114 F. Supp. 427 (E.D.N.C. 1953)). The first type of defense that may be struck, then, is an

insufficient defense. Fed R.Civ. P.12(f). In West Management Holdings, Inc. v. Gilmore, 252 F.3d 316 (4th Cir. 2001), the Fourth Circuit addressed the issue of legally insufficient affirmative defenses. Citing Wright & Miller's treatise on Federal Practice & Procedure § 1380, 647, 665 (2d ed.1990), the court stated that "Rule12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic … [n]evertheless, a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." Id. at 347 (internal quotations omitted).

B. **Pleading Standard Which Applies to Affirmative Defenses.**

The Federal Rules of Civil Procedure require that a party "state in short and plain terms" its defenses (Fed. R. Civ. P.8(b)(1)(A)). They also require that a party affirmatively state any avoidance or affirmative defense (Fed. R. Civ. P. 8(c)(1)). As a general rule, a party must raise affirmative defenses in its response to a preceding pleading or waive them. See Brinkley v. Harbour Recreation Club, 180 F.3d 598, 612 (4th Cir. 1999). The purpose of this requirement is to ensure that the opposing party (and the court) has notice of such defenses and opportunity to argue, if necessary, as to why the defenses are inappropriate. See Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found., 402 U.S. 313, 350 (2008). Consequently, the pleading party must always provide sufficient information to constitute fair notice of such defenses to the receiving party. Courts disapprove of "laundry list[s] of affirmative defenses […] that do not identify the asserted flaws in the Complaint in a manner sufficient to satisfy the notice pleading standards that are imposed on federal defendants as well as plaintiffs". Fusion Capital Fund II, LLC v. Millenium Holding Group, Inc., 2008 WL 719247, *1-*2 (N.D. Ill. 2008) (ordering the defendant sua sponte to "flesh out" its affirmative defenses to meet notice pleading standards).

Before 2007, the pleading standard for "claims for relief" was set forth in Conley v. Gipson, 355 U.S. 41, 45-46 (1957). Under Conley's notice pleading standard, courts could grant motions to dismiss a claim for relief only when "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." Id. In 2007, the Supreme Court, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), departed from the Conley standard and introduced the plausibility standard. Under Twombly, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face". Id. The Court further described the pleading specificity standard, stating that a pleading "does not need detailed factual allegations", but does need to provide the grounds for entitlement to relief and requires "more than labels and conclusions". Id.at 555. Subsequently in 2009, in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), the Supreme Court clarified that the Twombly decision was based on its interpretation and application of Fed.R.Civ.P. 8, which governs the pleading standard in all civil actions.

Since the Supreme Court's decisions in Twombly and Iqbal, several courts have addressed whether the new pleading standard applies to affirmative defenses. A few courts have rejected the heightened pleading standard for affirmative defenses. See First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd, No. 08-cv-12805, 2009 WL 22861, at *2 (E.D.Mich. Jan. 5, 2009) (finding Twombly's analysis of the "short and plain statement" requirement of Fed.R.Civ.P. 8(a) inapplicable to affirmative defenses); Romantine v. CH2M Hill Eng'rs, Inc., No. 09-973, 2009 WL 3417469, at *1 (W.D.Pa. Oct. 23, 2009) (declining to apply Twombly to either affirmative defenses or general defenses). The majority of courts addressing the issue, however, have applied the heightened pleading standard announced in Twombly, and further clarified in Iqbal, to affirmative defenses. See CTF Dev., Inc. v. Penta Hospitality, LLC, No. C 09-02429 WHA,

2009 WL 3517617, at *7-8 (N.D.Cal. Oct. 26, 2009) ("Under the Iqbal standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); Tracy ex rel. v. NVR, Inc., No. 04-CV-6541L, 2009 WL 3153150, at *7-8 (W.D.N.Y. Sept. 30, 2009) (striking affirmative defenses pled in simply conc1usory terms, unsupported by any factual allegations, as "plainly deficient under the Iqbal standard"); FDIC v. Bristol Home Mortg. Lending, LLC, No. 08-81536-CIV, 2009 WL 2488302, at *2-4 (S.D.Fla. Aug. 13, 2009) (applying Twombly to affirmative defenses); Teirstein v. AGA Medical Corp., No. 6:08cv 14, 2009 WL 704138, at *6 (E.D.Tex. Mar. 16,2009) (affirmative defenses subject to same pleading standards as complaints and counterclaims); Greenheck Fan Corp. v. Loren Cook Co., No. 08-cv-335-jps, 2008 WL 4443805, at *1-2 (W.D.Wis. Sept. 25, 2008) (defendant's affirmative defenses, characterized as legal theories with implied elements, failed to comply with Rule 8 and failed to provide sufficient notice of the grounds for them); Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc., No. 05-CV-0233-WWJ, 2008 WL 4391396, at *1 (W.D.Tex. Sept. 22, 2008) (applying Twombly pleading specificity standard to affirmative defenses); Safeco Ins. Co. of Am. v. O'Hara Corp., 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008) (holding that the Twombly plausibility standard applies in the context of a defendant asserting an affirmative defense); Holtzman v. B/E Aerospace, Inc., No. 07-80551-CIV, 2008 WL 2225668, at *2, (S.D.Fla. May 28, 2008) (citing Twombly as support for the proposition that a defendant must “alleg[e] facts as part of the affirmative defenses" and granting plaintiff's motion for a more definite statement); United States v. Quadrini, No. 2:07-CV-13227, 2007 WL 4303213, at *3-4 (E.D.Mich. Dec. 06, 2007) (applying heightened pleading standard to defendants in pleading affirmative defenses).

Plaintiff urges this Court to follow the majority of other courts that have addressed this issue. A "majority of district courts in Florida have applied this heightened pleading standard to affirmative defenses". See Castillo v. Roche Labs. Inc., No. 10-20876, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010). See also Home Mgmt. Solutions, Inc. v. Prescient. Inc., No. 07-20608, 2007 U.S. Dist. LEXIS 61608, at *9-10, 2007 WL 2412834 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests." (brackets omitted) (quoting Twombly, 127 S.Ct. 1955, 1965 (2007) It makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses. In both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case. Moreover, Fed. R. Civ. P. 8 is consistent in at least inferring that the pleading requirements for affirmative defenses are essentially the same as for claims for relief. Although Rule 8(c) for affirmative defenses does not contain the same language as 8(a)(2), requiring "a short and plain statement of the claim", 8(b)(l)(A) nevertheless does require a defendant to "state in short and plain terms its defenses to each claim". The sub- heading for Rule 8(b)(l), moreover, is "Defenses; In General." Rule 8(c)(l) provides a helpful laundry list of commonly asserted affirmative defenses to emphasize that avoidances and affirmative defenses must indeed be pleaded to be preserved. Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply.

In United States v. Quadrini, 2007 WL 4303213, at *4 the Eastern District of Michigan court specifically addressed whether Twombly's standard for pleading sufficiency applied to pleading affirmative defenses. It reasoned that:

> This clarification by the Supreme Court that a plaintiff must plead sufficient facts to demonstrate a plausible claim, or one that has a "reasonably founded hope" of success, cannot be a pleading standard that applies only to plaintiffs. It must also apply to defendants in pleading affirmative defenses, otherwise a court could not make a Rule 12(f) determination on whether an affirmative defense is adequately pleaded under Rules 8 and/or 9 and could not determine whether the affirmative defense would withstand a Rule 12(b)(6) challenge. Thus, a wholly conc1usory affirmative defense is not sufficient. Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a "reasonably founded hope" of success. Id.

In Bell Atlantic Corp. v. Twombly, the Supreme Court of the United States set forth a heightened pleading standard for claims for relief made pursuant to Rule 8(a)(2). According to the Supreme Court, to give "fair notice", a claim for relief must consist of more "than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do". Id. at 545. Instead, the Twombly pleading standard requires that a pleading include "enough facts to state a claim to relief that is plausible on its face". Id. at 547. Plaintiffs herein suggest to this Court that a Defendant asserting affirmative defenses in a pleading pursuant to Rule 8(c) should likewise be held to the Twombly standard, and required to allege enough facts to state defenses that are plausible on their faces. Plaintiffs acknowledge that the application of the Twombly pleading standard to affirmative defenses is an unsettled question. The courts which have held that the Twombly pleading standard applies to affirmative defenses have based their holdings on, first, the need to reduce frivolous affirmative defenses that waste the court's time, and, second, the similarity between the language of Rule 8(a)(2) regarding pleading of claims for relief and Rule 8(b) regarding pleading of defenses. See, e.g., Home Mgmt. Solutions, Inc. v. Prescient,

Inc., No. 07-20608-CIV (S.D. Fla. Aug. 21, 2007); United States v. Quadrini, No. 2:07-CV-13227 (E.D. Mich. Dec. 6, 2007); Holtzman v. B/E Aerospace, Inc., No. 07-80551-CIV (S.D. Fla. May 29, 2008); Tracy v. NVR, Inc., No. C 04-CV-6541 (W.D.N.Y. Sept. 30, 2009).

These courts have relied on two rationales: first, that Rule 8(c), which specifically refers to affirmative defenses, applies, rather than Rule 8(b), and that its language is not similar enough to the language of Rule 8(a)(2) to justify application of the Twombly standard; and, second, that, even if Rule 8(b) does apply to the pleading of affirmative defenses, its language is not similar enough to the language in Rule 8(a)(2) to assume that the Twombly standard would apply to both. See, e.g., Westbrook v. Paragon Systems, Inc., C.A. No. 07-0714-WS-C (S.D. Ala. Nov. 29, 2007); First Nat'l Ins. Co. of America v. Camps Services, Ltd., No. 08-cv-12805 (E.D. Mich. Jan. 5, 2009); Romantine v. CH2M Hill Engineers, Inc., C.A. No. 09-973, 2009 WL 3417469 (W.D. Pa. Oct. 23, 2009). Plaintiffs urge for this Court to apply the common-sense Twombly standard to the affirmative defenses in the matter at hand, detailed herein. Defendants have failed to provide any factual underpinning for these affirmative defenses. Because Defendant's purported affirmative defenses detailed herein fail to provide proper notice in compliance with Rule 8, this Court should strike them.

With complaints, as with defenses, the purpose of pleading requirements is the same. It is to give fair notice to the opposing party that there is some plausible, factual basis for the assertion and not simply to suggest some possibility that it might apply to the case. See Shinew v. Wszola, 2009 U.S.Dist. LEXIS 33226, *8 (EDMich. 2009). To require less of a defendant sets the pleading bar far too low. See generally Moss v. United States Secret Serv., 572 F.3d 962, 968 (9th Cir. 2009). A requirement that an affirmative defense be pleaded in accordance with the Twombly-Iqbol standard simply means than that it be pleaded in a way that is

intelligible, gives fair notice, and is plausibly suggested by the facts. Such a requirement is in no way inconsistent with Rule 8(a)(2)'s "short and plain statement of the claim" language. Likewise, is neither inconsistent with Rule10 8(b)(1)(A)'s requirement that a defendant "state in short and plain terms its defenses to each claim" nor with Rule 8(d)(1)'s requirement that all pleadings be "simple, concise, and direct." Moreover, by applying the Twombly-Iqbol heightened pleading standard to affirmative defenses, a plaintiff will not be left to the formal discovery process to find-out whether the defense exists and may, instead, use the discovery process for its intended purpose of ascertaining the additional facts which support a well-pleaded claim or defense. See Holtzman v. B/E Aerospace, Inc., 2008 U.S.Dist. LEXIS 42630, *6 (SDFla. 2008) (citing Stoner v. Walsh, 772 F.Supp. 790, 800 (SDNY. 1991). It is not suggested herein that a heightened pleading obligation necessarily requires the assertion of underlying evidentiary facts. A defense may be stated simply and briefly. At a minimum, however, some statement of the ultimate facts underlying the defense must be set forth, and both its non-conclusory factual content and the reasonable inferences from that content, must plausibly suggest a cognizable defense available to the defendant.

C. **Application.**

An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating factors. Regions Bank v. TBG & CC Recreation, LLC, 2010 WL 3292909, at *1 (S.D. Fla. Aug. 19, 2010) (citing Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989)). Statements that allege only a defect in the plaintiff's *prima facie* case are not affirmative defenses; they are denials. *See* In re Rawson Food Srvc, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988). When a defendant labels its negative averments as an affirmative defense, the proper course is to treat the

defense as a denial. *See* Premium Leisure, LLC v. Gulf Coast Spa Manufts., Inc., 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008). At a minimum, the facts asserted in an affirmative defense, and the reasonable inferences that may be drawn from the proposed facts, must plausibly suggest a cognizable defense. Topline Solutions, Inc. v. Sandler Systems, Inc., 2010 WL 2998836 at *1 (D.Md. 2010).

For the express reasons set forth below, this Court should strike Defendant's affirmative defense as being legally insufficient as a matter of law. Defendant basically states as its affirmative defense that Plaintiffs have failed to state a cause of action upon which relief can be granted. This defense is bare bones, it is boilerplate, and it simply states a conclusory allegation without factual explanation. It is no more than a recitation of the standard for a motion to dismiss under Rule 12(b)(6). While the Federal Rules allow liberal notice pleading, they do not allow a claimant to merely recite the standard for a 12(b)(6) motion to dismiss, and to thus "abdicate the responsibility of alleging the basic facts demonstrating his entitlement to relief." Murphy v. White Hen Pantry Co., 691 F.2d 350, 353 (7th Cir.1982) (quoted in Franklin Capital Corp., 2000 WL 204227, at *2 (N.D.Ill. Feb.10, 2000)).

Other courts that have applied the plausibility standard of pleading to affirmative defenses have ruled that such a conclusory defense must be stricken. See Castillo v. Roche Laboratories, Inc., No. 10-20876-CIV, 2010 WL 3027726 at *4 (ruling that a defense contending "Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted" is "insufficient as it is no more than the a recitation of the standard for dismissal under Rule 12(b)(6) and fails to notify Plaintiff of the deficiencies in the Complaint"); Topline, 2010 WL 2998836 at *1-2 (striking the affirmative defense "[t]he Complaint fails to state a claim upon which relief can be granted" because it contained no facts and was "too conclusory to

provide fair notice of the grounds on which" it stood). Accordingly, Defendant's affirmative defense should be stricken. This does not appear to be a defense at all, but rather should be asserted as a Motion to Dismiss under Fed.R.Civ.P. 12(b) (6) in order to test the sufficiency of the complaint as pled. At least one court has stricken such a "defense" if a plaintiff's, "complaint adequately asserts all of the elements of a statutory claim" (in this instance, a CERCLA claim). Hatco Corporation v. W.R. Grace & Co., 801 F.Supp. 1309, 1327 (D. New Jersey 1992) Nevertheless, other courts have averred that, "[i]ncluding an affirmative defense of failure-to-state-a-claim in an answer is a routine practice which is rarely, if ever, stricken by the court as legally insufficient". State of New York v. Almy Brothers, Inc., 971 F.Supp. 69 (N.D. New York 1997). Given the Eleventh Circuit's oft-stated aversion to "shotgun pleadings," it would seem to serve no good purpose to leave such a defense in place, given a failure by the defendant(s) to challenge the adequacy of the complaint through a Rule 12(b) (6) motion to dismiss.

## CONCLUSION

**WHEREFORE**, Plaintiffs move this Court to strike Defendant's affirmative defenses pursuant to Fed. R. Civ. P.12(f), and for such other and further relief to which Plaintiffs may be entitled.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed by electronic filing via CM/ECF with the Middle District Court, Tampa Division, who will furnish copies to all parties of record, including: Scott H. Jackman, Esquire, of Cole, Scott & Kissane, P.A., 4301 West Boy Scott Boulevard, Suite 400, Tampa, Florida 33607 and Jason G. Gordillo,

Esquire of Luks & Santaniello, LLC, 100 N. Tampa Street, Suite 2120, Tampa, Florida 33602 on this the 29th day of September, 2011.

**DICESARE, DAVIDSON, & BARKER, P.A.**

/S/ Harold E. Barker________________________

HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
E-mail rbarker@ddblaw.com
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
Attorney for Plaintiffs