UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK W. STASIAK and
DEBORAH L. STASIAK,

      Plaintiffs,
v.
                                    Case No. 8:11-cv-1828-T-33MAP
KINGSWOOD CO-OP, INC.,

      Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Kingswood Co-Op, Inc.'s Motion to Dismiss (Doc. # 6), filed on September 12, 2011.  Plaintiffs Mark and Debra Stasiak filed a Response to Kingswood's Motion to Dismiss on September 16, 2011. (Doc. # 8).  For the reasons that follow, the Court grants the Motion.

**I.**    **Factual and Procedural Background**

In January 2004, the Stasiaks completed an application for residency in Kingswood's apartment complex. (Doc. # 1 at ¶ 13).  The application included a certification and agreement in which the Stasiaks agreed that Kingswood could conduct "any investigation of my . . . financial and credit record through any investigation or credit agencies or bureaus of your choice." Id.  The Stasiaks signed the application and eventually purchased a unit in the Kingswood apartment

complex. (Id. at ¶¶ 13, 16).

In January 2011, the Stasiaks began the process of purchasing a different home, pursuing financing through the Veteran's Administration ("VA"). (Id. at ¶ 14). During the final stages of the loan process, the VA contacted the Stasiaks with questions concerning their credit reports. Id. The Stasiaks' credit reports from Experian disclosed an inquiry made in September 2010, by LexisNexis on behalf of Kingswood. (Id. at ¶¶ 18-19). This inquiry raised red flags at the VA, indicating the possibility that the loan was being used to purchase a rental property. (Id. at ¶¶ 15-16). As a result, the financing schedule was called into question. Id. In response, the Stasiaks contacted Kingswood requesting that the inquiry be removed, and Kingswood directed them to speak with LexisNexis about the issue. (Id. at ¶¶ 28-33).

On August 15, 2011, the Stasiaks filed this action against Kingswood alleging four counts: Count I - obtaining information under false pretenses (15 U.S.C. § 1681b), Count II - willfully obtaining consumer reports without a permissible purpose (15 U.S.C. § 1681b), Count III - negligently obtaining consumer reports without a permissible purpose (15 U.S.C. § 1681), and Count IV - invasion of privacy. (Doc. # 1 at ¶¶ 7-10). These claims are based on the

Stasiaks' assertion that Kingswood impermissibly accessed their consumer report in September 2010. (<u>Id.</u> at ¶¶ 18, 20). Kingswood moves to dismiss Count IV - invasion of privacy. (Doc. # 6 at 4-6).

## II. **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

As a threshold matter, the Court notes that the Motion to Dismiss has not been converted into a motion for summary judgment because the Court has not considered matters outside the pleadings.[1] "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)).

### III. Analysis

Florida recognizes three categories of privacy torts: (1) appropriation, (2) intrusion, and (3) public disclosure of private facts. Oppenheim v. I.C. Sys., Inc., 695 F. Supp. 2d. 1303, 1308 (M.D. Fla. 2010). The Stasiaks allege that Kingswood has committed the privacy tort of intrusion. (Doc. # 1 at ¶¶ 10-11). Intrusion involves physically or

---

[1] When a document outside the pleadings is considered, Federal Rule of Civil Procedure 12(c) requires that "the motion be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent by such a motion . . ." Fed. R. Civ. P. 12(c).

electronically intruding into one's private quarters. Allstate Ins. Co. v. Ginsberg, 863 So. 2d 156, 162 (Fla. 2003). Unlike other privacy torts, an action for intrusion does not require publication; instead, the intrusion focuses on "the right of a private person to be free from public gaze." Id.

An intrusion claim has three elements. First, there must be a private quarter. Second, there must be some physical or electronic intrusion into that private quarter. Third, the intrusion must be highly offensive to a reasonable person. Oppenheim, 695 F. Supp. 2d. at 1309 (citing Stoddard v. Wohlfahrt, 573 So. 2d. 1060, 1062-63 (Fla. 5th DCA 1991)). In considering the third prong, courts have looked to claims of intentional infliction of emotional distress. Stoddard, 573 So. 2d at 1062 (applying the standard for intentional infliction of emotional distress to evaluate the offensiveness of conduct in an intrusion claim).

Thus, to support a claim for intrusion, the underlying conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Id. The court must determine if the conduct is "atrocious, and utterly intolerable in a civilized community." Id. This evaluation is a threshold question; therefore, the Court will consider the offensiveness of Kingswood's conduct first.

The Stasiaks assert that offensive intrusion occurred when Kingswood "obtained [their] consumer reports . . . without having a permissible purpose. . . ." (Doc. # 1 at ¶¶ 48-49). In evaluating the offensiveness of this invasion, it is instructive to consider cases discussing conduct that did not rise to the level necessary to clear this preliminary hurdle. For example, the court in <u>Oppenheim</u> held that a collection agency's act of placing more than thirty-five calls to an individual during a three-month period, sometimes four to six calls a day, did not rise to the level of outrageousness necessary to sustain the plaintiff's claim for intrusion. 695 F. Supp. 2d at 1306, 1310. On the other hand, a television broadcast telling the public that an individual was a murderer, a rapist, and a cruel individual who abused mentally-disabled patients was considered outrageous. <u>Boyles v. Mid-Florida TV Corp.</u>, 431 So. 2d 627, 636 (Fla. 5th DCA 1983) (dismissing plaintiff's intentional infliction of emotional distress claim on other grounds).

Here, Kingswood made an inquiry into Mark Stasiak's and Deborah Stasiak's credit histories after they had already purchased an apartment. The Stasiaks allege that this conduct was "highly offensive" and "intentional, willful, and malicious. . . ." (Doc. # 1 at ¶¶ 48, 50). Although there is no standardized scale upon which to weigh the offensiveness of

6

this conduct, the Court determines that Kingswood's conduct does not rise to the level of "intolerable in a civilized society." It is also relevant that the Stasiaks signed an agreement in which they authorized Kingswood to conduct "any investigation of my . . . financial and credit record through any investigation or credit agencies or bureaus of your choice." (Doc. # 1 at ¶ 13).

Because Kingswood's conduct does not constitute outrageous conduct, the Stasiaks have failed to state a claim for intrusion. Kingswood's Motion to Dismiss is therefore granted. However, in an abundance of fairness, the Court grants the Stasiaks leave to amend the Complaint to cure the deficiencies noted above, if they so choose.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant's Motion to Dismiss Count IV of the Complaint (Doc. # 7) is **GRANTED.** Plaintiffs may file an Amended Complaint, if they so choose, by February 28, 2012.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of February, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record